# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELEMENT MANAGEMENT, as agent for Grove at Stone Brook Apartments<br><br>                    **Plaintiff,**<br><br>v.<br><br>MELINDA THORNTON,<br><br>                    **Defendant.** | 1:18-cv-460-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [3] ("Final R&R"), which recommends remanding this action to the Magistrate Court of Gwinnett County, Georgia. Also before the Court are Defendant's Objections and Responses to Report and Recommendation Pursuant to 28 U.S.C. 636(b)(1) [5] ("Objections").

## I. BACKGROUND

On January 9, 2018, Plaintiff Element Management, as agent for Grove at Stone Brook Apartments ("Plaintiff") initiated a dispossessory proceeding against Defendant Melinda Thornton ("Defendant"), in the Magistrate Court of Gwinnett

County, Georgia (the "Gwinnett County Action").[1] On January 30, 2018, Defendant, proceeding *pro se*, filed an IFP Application [1] and Notice of Removal [1.1] seeking to remove the Gwinnett County Action. Defendant seeks removal on the grounds that Plaintiffs violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. ([1.1] at 1-2).

On February 1, 2018, the Magistrate Judge issued his Final R&R, recommending that this action be remanded to the Magistrate Court of Gwinnett County for lack of subject matter jurisdiction. On February 16, 2018, Defendant filed her Objections.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] The property at issue is located at 1405 Beaver Ruin Road, Apt. 905, Norcross, Georgia 30093. ([1.1] at 3). The Magistrate Court of Gwinnett County assigned the matter Case No. 18M00641. (Id.).

objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). If a petitioner does not specifically object to any of the Magistrate Judge's findings or recommendations, the Court reviews the report and recommendation for plain error. Id.; see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Because Defendant's Objections lack specificity, the Court reviews the Final R&R for plain error.

B. Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x

905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge found "Defendant has not shown that Plaintiff asserted any federal claims in this action or that a federal question is otherwise presented on the face of the complaint." ([3] at 4). "Instead, the [Magistrate Judge found the] underlying action—in which Plaintiff seeks to dispossess Defendant from the subject premises—arises under state law." (Id.). The Magistrate Judge concluded that "[b]ecause Defendant has not shown that the original complaint contains a federal claim or otherwise presents a federal question, she has not established that this Court has subject matter jurisdiction over this action, so removal is improper." (Id.). The Court finds no plain error in the Magistrate Judge's findings and recommendations.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FUTHER ORDERED** that Defendant's Objections and Responses to Report and Recommendation Pursuant to 28 U.S.C. 636(b)(1) [5] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 11th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE